UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

GARY W. CASDORPH and
DIANA L. CASDORPH,

       Plaintiffs

v.                                           Civil Action No. 25-C-213

VANDERBILT MORTGAGE &
FINANCE, Inc., and CMH HOMES, INC.
d/b/a CLAYTON HOMES OF
BARBOURSVILLE,

       Defendants.

## VANDERBILT MORTGAGE & FINANCE, INC'S ANSWER

Comes now Vanderbilt Mortgage & Finance, Inc. ("VMF"), by and through counsel and answers Plaintiffs' Complaint as follows:

1. VMF denies paragraph 1 of Plaintiffs' Complaint.

2. Paragraph 2 of Plaintiffs' Complaint makes a statement of law to which no response is necessary.

3. Based upon information and belief, VMF admits that Plaintiffs reside in West Virginia. VMF is without sufficient information to either admit or deny the remaining allegations in paragraph 2 of Plaintiffs' Complaint.

4. VMF admits the allegations in paragraph 4 of Plaintiffs' Complaint as it relates to VMF's corporate affiliations and license in West Virginia. The last sentence in paragraph 4 of Plaintiffs' Complaint makes a statement of law to which no response is required, but to the extent a response is deemed necessary VMF denies these allegations.

5. Paragraph 5 of Plaintiffs' Complaint makes a statement of law to which no response is required.

6. Upon information and belief, VMF admits the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. VMF denies paragraph 7 of Plaintiffs' Complaint.

8. VMF is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. VMF denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. VMF is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. VMF denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Paragraph 12 makes a statement of law and/or policy and therefore no response is required.

13. Paragraph 13 makes a statement of law and/or policy and therefore no response is required.

14. Paragraph 14 makes references to provisions from the Agreement. Those provisions speak for themselves and therefore no further response is required.

15. VMF denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. VMF is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Paragraph 17 makes a statement of law to which no response is required.

18. VMF denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. VMF denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. VMF denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. VMF admits that it took underwriting steps and determined that Plaintiffs' had the ability to pay. VMF denies the characterization made by Plaintiffs in paragraph 21 through use of the word "purported".

22. VMF admits that it has policies related to underwriting, including calculation of residual income.  VMF denies the characterizations made by Plaintiffs in paragraph 22.

23. VMF denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. VMF denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Paragraph 25 of Plaintiffs' Complaint refers to various documents.  The terms of those documents speak for themselves.  To the extent Plaintiffs' characterization is inconsistent with those documents, those allegations and characterizations are denied.

26. VMF is without sufficient information to either admit or deny the truth of the allegations stated in paragraph 26 of Plaintiffs' Complaint.

27. Paragraph 27 and its subparts of Plaintiffs' Complaint makes various statements of law to which no response is required.  To the extent this paragraph and its subparts could be construed as allegations against VMF, those allegations are denied.

28. Paragraph 28 and its subparts make no allegations against VMF.  To the extent paragraph 28 and its subparts could be construed as allegations against VMF, those allegations are denied.

29. Paragraph 29 of Plaintiffs' Complaint make no allegations against VMF.  To the extent paragraph 29 and its subparts could be construed as allegations against VMF, those allegations are denied.

30. Paragraph 30 and its subparts make reference to various documents.  The terms speak for themselves and therefore no response is required.  To the extent paragraph 30 and its subparts could be constructed as allegations against VMF, those allegations are denied.

31. VMF is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. VMF denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. VMF denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Paragraph 34 of Plaintiffs' Complaint makes a statement of law to which no response is required.

35. VMF denies the allegation contained in paragraph 35 of Plaintiffs' Complaint.

36. VMF admits that there was a Rider attached to the Deed of Trust. The language in that Rider speaks for itself.

37. The terms and conditions of the mortgage speak for themselves and therefore no response is required to paragraph 37 of Plaintiffs' Complaint. To the extent a response is required, paragraph 37 is denied.

38. VMF denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. VMF denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. VMF admits the allegation contained in paragraph 40 of Plaintiffs' Complaint in as much that Plaintiffs did make a loss mitigation request in or around January of 2025, and that loan modification was a loss mitigation option that was declined. VMF denies that it acted improperly with respect to this loss mitigation request.

41. VMF denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. The documents referenced in paragraph 42 of Plaintiffs' Complaint speak for themselves. VMF otherwise denies paragraph 42 to the extent it could be construed as being inconsistent with the documents

43. VMF incorporates its previous responses by reference.

44. VMF denies the allegations contained in paragraph 44 and its subparts of Plaintiffs' Complaint.

45. VMF denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. There are two paragraphs numbered 46 in Plaintiffs' Complaint. VMF denies the allegations made in both of those paragraphs.

47. There are two paragraphs numbered 47 in Plaintiffs' Complaint. VMF denies the allegations made in both of those paragraphs.

48. VMF denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. There are two paragraphs numbered 49 in Plaintiffs' Complaint. VMF denies the allegations contained in both numbered 49 paragraphs.

50. VMF denies the allegations contained in paragraph 50 of Plaintiffs' Complaint and further denies that Plaintiffs are entitled to any relief.

51. VMF incorporates by reference its previous responses.

52. VMF denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. VMF denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. VMF denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55. VMF denies the allegations contained in paragraph 55 of Plaintiffs' Complaint and further denies that Plaintiffs are entitled to any relief.

56. VMF incorporates the previous responses by reference.

57. VMF denies the allegations in paragraph 57 of Plaintiffs' Complaint.

58. VMF denies the allegations in paragraph 58 of Plaintiffs' Complaint.

59. VMF denies the allegations in paragraph 59 of Plaintiffs' Complaint.

60. VMF denies the allegations in paragraph 60 of Plaintiffs' Complaint.

61. VMF denies the allegations in paragraph 60 and its subparts of Plaintiffs' Complaint.

62. VMF incorporates its prior responses by reference.

63. VMF denies the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64. Paragraph 64 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

65. Paragraph 65 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

66. Paragraph 66 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

67. Paragraph 67 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

68. VMF denies the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69. VMF incorporates is previous responses by reference.

70. VMF denies the allegations contained in paragraph 70 of Plaintiffs' Complaint and further denies that Plaintiffs are entitled to any relief.

71. VMF incorporates is previous responses by reference.

72. VMF denies the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73. VMF denies the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74. VMF denies the allegations contained in paragraph 74 of Plaintiffs' Complaint.

75. Any paragraph not specifically admitted herein is denied.

76. VMF reserves the right to amend this Answer.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief could be granted.

2. Plaintiffs failed to mitigate damages, if any.

3. Plaintiffs' damages, if any, were caused by the acts or omissions of others over whom VMF has no control.

4. VMF breached no duty, if any, owed to the Plaintiffs.

5. Plaintiffs' claims are barred by the merger doctrine and parol evidence rule.

6. Plaintiffs' claims are barred by the doctrine of unclean hands.

7. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

8. All requirements of the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and Regulation Z were complied with in the context of Plaintiffs' loan.  Though VMF specifically denies that there are errors in the loan documents, any errors therein are bona fide errors and/or technical in nature and are therefore not actional pursuant to 15 U.S.C. §1640(c).

9. Plaintiffs' claim under TILA and Regulation Z are also barred pursuant to 15 U.S.C. § 1640(f) because the applicable actions, if any, were undertaken by VMF in good faith and in conformity with applicable rules, regulations, or interpretations of TILA.

10. Plaintiffs' causes of action are barred or limited by the provision, terms, definitions, limitations, and conditions of the loan agreement.

11. Plaintiffs' claims are barred or diminished by VMF's rights of setoff and/or recoupment.

12. Some or all of Plaintiffs' claims are due to be submitted to arbitration pursuant to a valid, binding arbitration agreement.

13. The Complaint fails to plead fraud with the requisite specificity as required by Rule 9(b) of the applicable rules of civil procedure.

14. Plaintiffs' fraud claim is barred, in whole or in part, because VMF made no misrepresentation to them and owed them no duty (fiduciary or otherwise) to disclose the facts allegedly suppressed.

15. Plaintiffs did not reasonably rely on any alleged misrepresentations made by VMF or any of its agents, employees, representatives or officers.

16. VMF reserves the right to supplement or amend its Answer and Affirmative Defenses as discovery progresses.

Vanderbilt Mortgage & Finance, Inc.

By Counsel

/s/ Carrie Goodwin Fenwick
Carrie Goodwin Fenwick (WV Bar 7164)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
304-346-7000
cgf@goodwingoodwin.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

GARY W. CASDORPH and
DIANA L. CASDORPH,

      Plaintiffs

v.                                        Civil Action No. 25-C-213

VANDERBILT MORTGAGE &
FINANCE, Inc., and CMH HOMES, INC.
d/b/a CLAYTON HOMES OF
BARBOURSVILLE,

      Defendants.

## **Certificate of Service**

      I, Carrie Goodwin Fenwick, hereby certify that on this the 30th day of May, 2025, I filed and served a copy of the foregoing Vanderbilt Mortgage & Finance, Inc.'s Answer to Plaintiffs' Complaint via the Court's electronic filing system.  Service will be made through that system on the following:

Daniel F. Hedges, Esquire
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301

/s/ Carrie Goodwin Fenwick