IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GARY W. CASDORPH and
DIANA L. CASDORPH,

           Plaintiffs,

v.                                 CIVIL ACTION NO. 3:25-0213

VANDERBILT MORTGAGE & FINANCE INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is a Motion to Reconsider Order Denying Motion to Compel Arbitration and Motion to Strike Amended Complaint (ECF No. 21) by CMH Homes, Inc. d/b/a Clayton Homes Barboursville ("CMH"). Also pending is a Renewed Motion to Stay Claims Pending Conclusion of Arbitration (ECF No. 23) by Defendant Vanderbilt Mortgage & Finance, Inc.'s ("Vanderbilt"). Plaintiffs Gary W. and Diana L. Casdorph oppose the motions. Upon review, the motions are **DENIED**.

**I.
FACTUAL AND
PROCEDURAL BACKGROUND**

    On April 1, 2025, Plaintiffs filed this action against CMH and Vanderbilt alleging that they purchased a mobile home from CMH and received financing through Vanderbilt. Plaintiffs contend CMH did not inform them that the mobile home they were purchasing was a prior year model and it sold it to them for an amount that was different than the agreed price. *Compl.* ¶¶8, 31. Plaintiffs, who are unsophisticated in mortgage financing, further assert that CMH's sale agent arranged for them to submit a credit application and get financing through its affiliated lender

Vanderbilt, and it connected them to Vanderbilt's loan agent. *Id.* ¶¶3, 8, 9, 11. In turn, Vanderbilt duped them into an exploitive loan without meaningfully evaluating their ability to pay. Plaintiffs assert the loan process and the loan itself violated federal and state laws in a variety of ways, including requirements for electronic signatures. *Id.* ¶¶18, 19, 24. Therefore, Plaintiffs brought this action alleging Defendants induced them into an unconscionable contract (Count I), the loan violates West Virginia State law (Count II), Defendants committed fraud by misrepresenting and suppressing information about the cost, the year, and the affordability of the mobile home (Count III), Vanderbilt violated the Truth in Lending Act's (TILA's) minimum underwriting standards (Count IV), Vanderbilt engaged in unlawful debt collection (Count VI),[1] and the loan is unenforceable because it failed to comply with the federal statutory requirements for e-signatures (Count VII).

On May 30, 2025, both Defendants filed Answers to the Complaint.[2] On June 19, 2025, CMH filed a Motion to Compel Arbitration and Stay Litigation (ECF No. 17), and Vanderbilt filed a Motion to Stay Claims Pending Conclusion of Arbitration. ECF No. 18. The next day, June 20, 2025, Plaintiffs filed an Amended Complaint dropping CMH as a defendant, and CMH was terminated as party by the Clerk of Court. *Am. Compl.*, ECF No. 19. As CMH was no longer a party, the Court entered an Order on June 30, 2025, denying the pending motions as moot. *Order*, ECF No. 20.

Thereafter, on July 2, 2025, Defendants filed the pending motions. In its motion, CMH argues that the Amended Complaint only makes cosmetic changes to the original Complaint and

---

[1]There is no Count V in the Complaint.

[2]The parties entered into a Stipulation and agreed to an extension of time to file Answers until May 30, 2025. *Stip.*, ECF No. 10.

it retains the same factual allegations against it. Namely, Plaintiffs continue to allege, inter alia, CMH's sale manager directed the closing, CMH's conduct unconscionably and fraudulently induced them into entering into the contract, CMH misrepresented the sale price, and CMH did not disclose the model year. The Amended Complaint also states that Vanderbilt is CMH's affiliate and is "liable for all claims and defenses arising out of the transaction, including those arising out of the act of its agents and transaction participants." *Am. Compl.* ¶4, in part. In light of these continued allegations, CMH argues the arbitrable claims remain in the Amended Complaint and Plaintiffs have intentionally obfuscated those claims in bad faith with the intent to deny CMH its right to arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* Additionally, CMH argues that Plaintiffs incorrectly used Rule 15 of the Federal Rules of Civil Procedure to drop it as a party through an Amended Complaint. In its motion, Vanderbilt agrees with CMH and insists the Amended Complaint raises arbitrable issues regarding the sales transaction and, therefore, the case against it should be stayed until arbitration is complete.

## II.
## DISCUSSION

### A.
### Dropping a Defendant
### under Rule 15(a)(1)

In addressing these issues, the Court first must resolve whether it is permissible for a plaintiff to drop a defendant from an action pursuant to Rule 15(a)(1) or whether it is necessary to seek permission from the Court under Rules 21 or 41 of the Federal Rules of Civil Procedure. Rule 15(a)(1) provides:

> **(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course no later than:
>
> **(A)** 21 days after serving it, or

>   **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In this case, Plaintiffs filed their Amended Complaint as a matter of course pursuant to subsection (B) as it was 21 days after Defendants filed their Answers. Defendants do not challenge the timeliness of the Amended Complaint, but CMH argues Plaintiffs cannot drop it as a party without either obtaining Defendants' consent or filing a motion with the Court.

However, Rule 15(a)(1)(B) gives a plaintiff an absolute right to amend a complaint once without leave of the court, provided it has done so within the time frames provided. When a plaintiff complies with the Rule, the amended complaint supersedes the original complaint, rendering it without legal effect, and motions directed to the original complaint must be denied as moot. *See Morrison v. Indian Harbor Ins. Co.,* Civ. Act. No. 3:23-0451, 2024 WL 98398, at *1 (S.D. W. Va. Jan. 9, 2024) (recognizing a plaintiff has an absolute right to amend under Rule 15(a)(1)(B) and denying motions directed as the original complaint as moot); *Dykes v. Portfolio Recovery Assocs., LLC,* 306 F.R.D. 529, 530 (E.D. Va. 2015) ("It is well settled that an amended pleading supersedes the original, and motions directed at the superseded pleadings must be denied as moot."). Despite this absolute right, CMH maintains that Plaintiffs were required to file a motion under either Rule 21 or 41 of the Federal Rules of Civil Procedure to drop it as a party.[3] The Court disagrees.

In a comparable case, the plaintiff in *Galustian v. Peter*, 591 F.3d 724 (4th Cir. 2010), moved to file a first amended complaint under Rule 15 to name an additional defendant before a

---

[3] *CMH Homes, Inc.'s Mot. to Recons. Order Den. Mot. to Compel Arb. and Mot. to Strike Am. Compl.*, at 4, ECF No. 21 ("Only the Court has authority to add or drop parties, and it may do so 'on just terms' Fed. R. Civ. P. 21. A litigant seeking to drop a party must file a motion. *Id.*").

responsive pleading was filed. 591 F.3d at 729-30. The district court dismissed the case on other grounds and denied the motion to amend as moot. *Id.* at 729. On appeal, the originally named defendant argued that Rule 21, not Rule 15, controls whether a plaintiff can add a defendant to an action. 591 F.3d at 730. In relevant part, Rule 21 covers the "Misjoinder and Nonjoinder of Parties" and provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21, in part. While the Fourth Circuit recognized "some courts [apply Rule 21[4] and] have concluded that Rule 15(a) does not apply to amendments seeking to add parties, most courts, including [the Fourth Circuit], have concluded otherwise." 591 F.3d at 730 (citations omitted). Thus, the Fourth Circuit held the district court abused its discretion when it denied the plaintiff's motion because the plaintiff had an absolute right to amend under Rule 15(a) and could add a defendant under the Rule. *Id*.

Although *Galustian* involved adding a party *via* an amended complaint and this case involves dropping a party in an amended complaint, the Court finds no reason why Rule 15(a) cannot be used equally to drop a party at this early stage in the proceedings, unless prejudice results or the party dropped is indispensable. *See Smith v. Green Tree Serv., LLC*, Civ. Act. No. 2:09-710, 2010 WL 1050350, at *3 (S.D. W. Va. Mar. 18, 2010) ("Allowing the use of Rule 15(a) to drop, or add, claims against parties on either side of the adversarial divide seems appropriate, at least where no prejudice results and the party dropped is not indispensable."); *see also* 6 Charles A. Wright et al., Federal Practice & Procedure § 1479, Relationship Between Rule 15(a) and Other Federal Rules (3d ed. updated May 20, 2025) (allowing amendments to alter parties as a matter of

---

[4]The Fourth Circuit cites *Ed Miniat, Inc. v. Globe Life Ins. Grp., Inc.*, 805 F.2d 732, 736 (7th Cir. 1986), in which the Seventh Circuit held that "the plaintiffs should have sought an order of the district court" under Rule 21 to add other plaintiffs to their action.

course under Rule 15(a) prevents courts from being "bothered with passing on amendments to the pleadings at an early stage in the proceedings when the other parties probably will not be prejudiced by any modification"). In this case, CMH does not assert it is an indispensable party. However, it does argue it will be prejudiced if it cannot enforce its arbitration agreement. For the reasons stated below in section B, the Court is not swayed by CMH's argument.

The Court further rejects CMH's argument that Plaintiffs were required to comply with Rule 41(a) of the Federal Rules of Civil Procedure to drop it from this action. Rule 41(a) provides, in part, that to dismiss an action, a plaintiff must get either an order from the court or file "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a), in part.[5] As Plaintiffs did not get a court order or a stipulation from Defendants, CMH maintains they violated the Rule and the Amended Complaint should be struck.

However, there is nothing in the language of Rule 41 requiring Plaintiffs to proceed under it to drop CMH as a defendant and forego their absolute right to amend their Complaint under Rule 15(a)(1)(B). In fact, Rule 41 covers the dismissal of "actions" and the Fourth Circuit has indicated that Rule 15, rather than Rule 41, is a better vehicle to obtain a partial dismissal of an action. *See Miller v. Terramite Corp.*, 114 Fed. App'x, 536, 540 (4th Cir. 2004) (stating that, "[b]ecause Rule 41(a)(2) provides for the dismissal of 'actions' rather than claims, it can be argued that Rule 15 is technically the proper vehicle to accomplish a partial dismissal of a single claim" (citations omitted)); *see also Skinner v. First Am. Bank of Va.*, 64 F.3d 659, *2 (4th Cir. 1995) (per curiam) (recognizing "Rule 41 provides for the dismissal of *actions*, rather than *claims*, [thus,] Rule 15 is technically the proper vehicle to accomplish a partial dismissal" (citations omitted)); *Huffman v.*

---

[5]Rule 41(a) also allows "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). As both Defendants filed Answers in this case, this provision is not relevant.

*Dish Network L.L.C*, Civ. Act. No. 3:13-13722, 2013 WL 12355014, *6 (S.D. W. Va. Sept. 23, 2013) (noting that, although the plaintiff filed a notice of dismissal pursuant to Rule 41, "Plaintiff would have been permitted to take out Count II as a matter of course by amending her Complaint pursuant to Rule 15(a)")). Thus, the Court rejects CMH's argument that Rule 41 controls under the facts of this case.

**B.
Arbitration**

CMH next argues that, if the Court declines to strike the Amended Complaint, it still must stay this action and compel arbitration under 9 U.S.C. § 3. This section provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Here, CMH moved for arbitration before Plaintiffs filed their Amended Complaint. After the Amended Complaint was filed, the Court denied the motion as moot because CMH was no longer a party. CMH asks the Court to reconsider its decision, arguing the Amended Complaint was filed in bad faith to avoid arbitration yet it relies upon the same operative facts and theories to impose liability against Vanderbilt for CMH's conduct. Specifically, CMH asserts Plaintiffs seek to attack the validity of the loan transaction because of CMH's alleged improprieties in conducting the sales transaction. CMH maintains that it will be prejudiced if the Court adjudicates its behavior without giving it the ability to defend itself through arbitration and that it may lead to inconsistent results if arbitration follows this action. Therefore, CMH insists Plaintiffs either have to dismiss the claims against it with prejudice or stay this action and compel arbitration.

On the other hand, Plaintiffs claim that CMH will not be prejudiced by being dropped from this action as they are seeking relief solely from Vanderbilt. While Plaintiffs do not refute that many of the factual allegations in the Amended Complaint are the same as the original Complaint, they assert the claims in the Amended Complaint run against the mortgage and address a single consumer credit transaction, that is, the financing by Vanderbilt of the double-wide trailer (a dwelling), which is secured by that dwelling and seven acres of Plaintiffs' land. Although CMH was involved in that process, Plaintiffs state they are not seeking any relief from CMH and, therefore, their claims are not subject to arbitration.[6] Specifically, CMH sought to compel arbitration of Counts I, III, and IV. Counts I and III seek declaratory and equitable relief on the mortgage loan and Count IV asserts that Vanderbilt violated TILA and its implementing regulation. In addition, Plaintiffs argue that 15 U.S.C. § 1639c(e) of TILA prohibits compulsory arbitration in a residential mortgage loan secured by a consumer's primary dwelling.[7] This prohibition also is contained in CMH's Binding Dispute Resolution Agreement ("BDRA").[8]

---

[6]Plaintiffs state that CMH initiated arbitration with the American Arbitration Association ("AAA"), but they informed the AAA that are not proceeding with claims against CMH.

[7]This section provides, in part: "No residential mortgage loan . . . secured by the principal dwelling of the consumer may include terms which require arbitration . . . as the method for resolving any controversy or settling any claims arising out of the transaction." 15 U.S.C. § 1639c(e)(1). Similarly, 12 C.F.R. § 1026.36(h)(1), referred to as "Regulation Z," states, in part: "A contract . . . for a consumer credit transaction secured by a dwelling . . . may not include terms that require arbitration . . . to resolve any controversy or settle any claims arising out of the transaction." 12 C.F.R. § 1026.36(h)(1).

[8]Paragraph B of the BDRA provides, in part:

> B. <u>Exclusion for Consumer Credit Transactions Secured by a Dwelling</u>: Notwithstanding anything herein to the contrary, nothing in this Agreement shall be construed to require mandatory mediation or binding arbitration of any disputes arising out of any contract or any other agreement for a consumer credit transaction secured by a dwelling.

CMH, however, insists that Plaintiffs' theories for relief are identical to those in the original Complaint, and they stop short of stating they will never make a claim against CMH.[9] CMH argues Plaintiffs cannot legitimately contend they are not seeking relief from it because any unwinding of the loan agreement necessitates an unwinding or modification of the sales contract. As such, it deprives CMH of its procedural and contractual rights to pursue arbitration, which as a sales contract, is not subject to the arbitration prohibition found in TILA. Additionally, CMH argues Plaintiffs waived their right to challenge arbitration by filing an Amended Complaint in response to its Motion to Compel Arbitration.

CMH's arguments are substantially similar to those made by Vanderbilt in another case pending in this District. In *Brogan v. Vanderbilt Mortgage & Finance, Inc.*, Civ. Act. No. 2:25-00386, 2025 WL 2689864 (S.D. W. Va. Sept. 19, 2025), the same law firm representing Plaintiffs in this case filed an action against Vanderbilt on behalf of other plaintiffs. Like here, the plaintiffs bought a mobile home from CMH and financed it through Vanderbilt. 2025 WL 2689864, at *1. The plaintiffs, who are unsophisticated in financial matters, assert they were hoodwinked into an exploitative loan, and they "were not provided written disclosures of the sales price, the amount financed, or the annual percentage rate." *Id*. Additionally, the plaintiffs claimed "[e]ssential transaction documents, such as the Sales Agreement, Consumer Loan Note, and Security Agreement, were signed electronically without their permission." *Id*. at *2. Therefore, they sued

---

*BDRA*, at 1, ECF No. 17-1, at 7.

[9]In Plaintiffs' Response to Defendant's Motion to Stay, they state that they "now or ever seek relief involving the sales division CMH. There are no construction issues, only financing issues." *Pls.' Resp. to Def.'s Mot. to Stay*, at 3, ECF No. 27. Although awkwardly worded, it would appear that Plaintiffs may have omitted the word "will" and meant to say "now or ever will seek . . . ." If this is accurate, then Plaintiffs have affirmed they will not make a claim against CMH.

Vanderbilt under theories of unconscionable inducement, forgery and unenforceable loan, fraud, negligence, and a violation of TILA. *Id*. In turn, Vanderbilt moved to stay the proceedings pending arbitration between the plaintiffs and CMH. *Id*.

In ruling on the motion, the Court recognized that the "district courts have the power to stay claims against a non-arbitrating party when a case involves both arbitrating and non-arbitrating parties," and "[t]he decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket." *Id*. (internal quotation marks and citations omitted). Additionally, it is the burden of the party seeking a stay to "justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id*. (internal quotation marks and citations omitted). In evaluating whether a moving party "has met this burden, the Court must consider three factors: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id*. (internal quotation marks and citation omitted).

As in this case, Vanderbilt claimed that the allegations present arbitrable issues, which include holding it responsible for matters arising from the sales transaction. Alternatively, Vanderbilt asserted that the Court should exercise its discretion to stay the case because CMH will be prejudiced if the Court adjudicates its alleged conduct and the enforceability of the sales transaction before arbitration takes place. *Id*. at *3. The plaintiffs responded by asserting CMH has no right to arbitration because they have not made any claims against CMH. *Id*. In addition, they argued arbitration is prohibited under TILA because the claims they did make arise solely from one transaction, that is, a residential mortgage transaction with Vanderbilt. *Id*.

Upon review, the Court rejected Vanderbilt's argument because the parties to the BDRA are CMH and the plaintiffs, not Vanderbilt, and the plaintiffs' claims are limited to the "loan

financing with Vanderbilt, not whether CMH Homes' conduct was unlawful." *Id*. Thus, the Court found there were no issues referrable to arbitration and CMH would not be prejudiced if the case proceeded. In addition, the Court found Vanderbilt failed to establish by clear and convincing evidence that it would experience any hardship if the action was not stayed *Id*. On the other hand, the Court determined that the plaintiffs would be prejudiced if the action was stayed because their claims would be unnecessarily delayed. *Id.* Therefore, the Court denied Vanderbilt's motion and declined "to reach the question of whether arbitration of the Plaintiffs' claims is prohibited by federal law because there is no arbitration agreement between the parties." *Id*. at *4, n. 1.

In applying this reasoning to the present case, the Court reaches the same result. CMH is no longer a party to this action, and the claims against Vanderbilt only concern the loan financing transaction, not whether CMH's conduct was unlawful.[10] At this point, there simply are no claims against CMH, and there is no arbitration agreement between Vanderbilt and Plaintiffs to enforce. As with *Brogan*, without an agreement to enforce, the Court need not reach the question of whether arbitration is prohibited by federal law. Additionally, the Court finds that neither CMH nor Vanderbilt has established by clear and convincing evidence they will experience any hardship or unfair prejudice if the action is not stayed. In fact, CMH states that "any finding by this Court regarding CMH's conduct in its absence likely will not have *res judicata* effect on [it]." *CMH Homes, Inc.'s Reply to Resp. to Mot, to Recons.*, at 5 (citation omitted), ECF No. 26. However, as in *Brogan*, the Court finds that a stay will prejudice Plaintiffs by unnecessarily delaying resolution

---

[10]Likewise, it is unnecessary for the Court to address whether arbitration can be avoided based on costs, which was raised by the parties.

of this case.[11] Therefore, the Court **DENIES** CMH's Motion to Compel Arbitration and Vanderbilt's Motion to Stay Claims Pending the Conclusion of Arbitration.

## III.
## CONCLUSION

Accordingly, having considered the parties' arguments, the Court **FINDS** Plaintiffs properly dropped CMH as a defendant under Rule 15(a)(1)(B) and **DENIES** CMH's Motion to Strike the Amended Complaint. ECF No. 21. The Court further **DENIES** CHM'S Motion to Reconsider Order Denying Motion to Compel Arbitration (ECF No. 21) and Vanderbilt's Motion to Stay Claims Pending Conclusion of Arbitration. ECF No. 23.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    October 20, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[11] Moreover, the Court rejects CMH's cursory argument that Plaintiffs waived their right to challenge arbitration by filing an Amended Complaint instead of filing a Response to its motion. As previously explained, Plaintiffs properly used Rule 15 to drop CMH as a party. Eleven days later, the Court denied CMH's Motion to Compel Arbitration and Stay Litigation because there were no longer claims pending against it. Thus, to the extent a Response was even necessary, there was no need for Plaintiffs to file one within the fourteen days allowed because the motion was denied before a Response was due.