**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**GARY W. CASDORPH and**
**DIANA L. CASDORPH,**
**Plaintiffs**

**v.** **Civil Action No. 3:25-cv-213**

**VANDERBILT MORTGAGE &**
**FINANCE, INC. and CMH HOMES, INC. d/b/a**
**CLAYTON HOMES OF BARBOURSVILLE,**
**Defendants.**

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND**

In this action, the Plaintiffs seek primarily equitable relief on the Vanderbilt mobile home financing loan in order to save their home and real property. The core claims involve the gross unaffordability of the loan encapsulated in the Count I Unconscionability claim and the Count IV Truth in Lending Ability to Repay claim – the high interest and as a result, high monthly payment, that made default and Clayton's reliance on security for payment a virtual certainty. This exploitive loan is reminiscent of the pre-2008, predatory lending heyday of real property secured loans at rates in excess of 10 percent interest. The Truth in Lending Ability to Repay mandate from Dodd/Frank came about as a result of the 2008 crash arising from the predatory mortgage lending heyday. These characteristics in this mortgage loan take us back to that era – very *skimpy lender inquiry* as to household expenses and outstanding debt obligations*, real estate security* in otherwise lien-free real estate, *high interest rates* more characteristic of unsecured loans*, unsophisticated consumers*, and, as a result, very *quick default.*

VMF is the financing arm of the Clayton operation that placed the Plaintiffs in the transaction. The vertically integrated Clayton entity engages in the manufacturing, transportation, sales and financing of mobile homes nationwide out of its campus headquarters in Maryville, Tennessee. Dozens of affiliate companies nationwide (involving those four activities) working

together have their headquarters in Maryville. Clayton's consumer financing is accomplished primarily through the Defendant here from headquarters, originated through its "home centers" throughout the country headquartered in Maryville. Vanderbilt's role is to facilitate financings of the Clayton product.

One correction to the Amended Complaint in the Second Amended Complaint was to correct (accurately state) the market rates of interest for residential mortgages for each of the last ten years in paragraph 20 (see Sec. Am. Compl.), rather than a generalized number that was inaccurate.

Defendant's Opposition to Plaintiffs' Motion to Amend voices its objection only on two specific grounds: (1) the Plaintiffs' reduction of Count II to one specific statutory violation and (2) the addition of an agency theory.

In their Second Amended Complaint, Count II, the Plaintiffs abandoned in their *claim for relief in Count II* (but not the fact of the occurrence)[1] of two violations of the W. Va. Residential Mortgage Lender, Broker & Servicer Act, inasmuch as the one violation remaining involves no dispute of fact and renders the entire claim simple in resolution on cross summary judgment motions. Defendant can hardly claim surprise or hardship from Plaintiffs' abandonment of a claim for relief. The factual allegation on the other is unchanged in the Second Amended Complaint (see Am. Compl. ¶33 & Sec. Am. Compl. ¶33).

As to Defendant's assertion of *adding* an agency theory (Def's.Mem. Opp. to Mot. 3-4), the role of the Clayton home center as to the Vanderbilt mobile home financing transaction at issue

1 Plaintiffs do not abandon the fact of the occurrence of Gary's not having received copies of the closing documents, for example; in fact, it is a part of both Count VI and the unconscionability Count I Claim. The allegation is unchanged (Compl. ¶33), and the Defendant does not even claim that Gary C. received copies of closing documents at the closing; this issue is still a part of the unconscionability and Count VI factual determinations.

is well alleged in both the VMF loan application and VMF closing stages of the transaction, and remains essentially unchanged. The Plaintiffs asserted in detail the home center's role in making the Vanderbilt loan application to VMF with only minor factual details from depositions corrected (Am. Compl. ¶¶ 9, 11-15; Sec. Am. Compl. ¶¶ 8, 11-15).[2] As to the home center's role in facilitating the closing of the Vanderbilt home-secured residential financing, it is likewise alleged in detail in both (Am. Compl. ¶¶ 28-34; Sec. Am. Compl. ¶¶ 28-34). The claims or factual allegations are hardly amended, certainly not in any way to the prejudice of the Defendant. There was one financing loan from which the Plaintiffs seek relief, and with the vertical integration of Clayton, it is always the case that agents (in the generic sense) of various Clayton entities have a role in the Vanderbilt financing origination. Given the details alleged in the above virtually identical paragraphs in the two Complaints, there is certainly no surprise here.

The motion should be granted.

**GARY W. CASDORPH, and**
**DIANA L. CASDORPH**
**By Counsel:**

*<u>/s/ Daniel F. Hedges</u>*
Daniel F. Hedges (WVSB # 1660)
Sarah K. Brown (WVSB # 10845)
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier St,
Charleston, WV 25301
Telephone: (304) 344-3144
Facsimile: (304) 344-3145
***COUNSEL FOR PLAINTIFFS***

2 Discovery revealed the chronology of credit application events; hence ¶9 is moved to¶8, and the identity of the participants corrected in ¶11.