**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

GARY W. CASDORPH and
DIANA L. CASDORPH,

Plaintiffs,

v. CIVIL ACTION NO. 3:25-0213

VANDERBILT MORTGAGE & FINANCE INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Gary W. and Diana L Casdorph's Motion to Amend Amended Complaint filed on September 28, 2026. ECF No. 66. Defendant Vanderbilt Mortgage & Finance, Inc. has filed a Response in opposition. For the following reasons, the Court **DENIES** the motion.

On December 2, 2025, the Court entered a Scheduling Order establishing a January 7, 2026, deadline to file amended pleadings. *Scheduling Order* ¶ 1, ECF No. 37. Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "with . . . the court's leave" and leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). However, as Plaintiffs filed their motion after the deadline, they also must satisfy the good cause standard under Rule 16(b) of the Federal Rules of Civil Procedure in order to amend. *RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) (citations omitted) ("Although leave to amend a complaint should be 'freely give[n] . . . when justice so requires,' after the deadlines provided by a scheduling order have passed, the good cause standard [of Fed. R. Civ. P. 16] must be satisfied to justify leave to amend the pleadings."). In applying the good cause standard, the Court looks to the diligence of Plaintiffs in filing their motion. *See id.*

(quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) ("Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment.")).

Here, Plaintiffs filed their motion to amend nearly nine months after the amendment deadline established by the Court and just three days before the summary judgment deadline. In their motion, Plaintiffs fail to address the Rule 16 standard or explain how they have acted with diligence in seeking their amendment. Given that Plaintiffs' motion was filed just three days before the dispositive motion deadline without any explanation of how they can meet the Rule 16 standard, the Court finds they have failed to demonstrate good cause to permit the amendment. Therefore, the Court **DENIES** the motion.

The Clerk **DIRECT** the Clerk to send a copy of this Order to counsel of record any unrepresented parties.

ENTER: October 30, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE