**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**GARY W. CASDORPH and**
**DIANA L. CASDORPH,**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 3:25-cv-00213**

**VANDERBILT MORTGAGE & FINANCE, INC.,**

**Defendant.**

# MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Vanderbilt Mortgage & Finance, Inc.'s ("VMF") Motion to Exclude Late Disclosed Witnesses (ECF No. 73) and Plaintiffs Gary W. Casdorph and Diana L. Casdorph's Motion for Leave to File Surreply (ECF No. 84). For the reasons that follow, the motions are **GRANTED**.

## I. BACKGROUND

### *A. The Claims*

This action arises from Plaintiffs' financing, through VMF, of a manufactured home purchased from VMF's affiliate, CMH Homes, Inc., at its home center in Barboursville, West Virginia. The loan closed at that home center on September 28, 2023. (ECF Nos. 19, 73-2 at 3). Plaintiffs' Amended Complaint asserts six counts against VMF: unconscionability and unconscionable inducement under W. Va. Code § 46A-2-121 (Count I); violations of W. Va. Code § 31-17-8 (Count II); fraud (Count III); violation of the ability to repay requirements of the Truth in Lending Act (Count IV); unconscionable debt collection under W. Va. Code § 46A-2-128 (Count V); and a claim under the federal E-SIGN Act (Count VI). (ECF Nos. 19, 68). Each count concerns Plaintiffs' own loan

transaction. Neither the original Complaint nor the Amended Complaint refers to other borrowers or other closings. (ECF Nos. 2, 19).

***B. Plaintiffs' Disclosures and the Close of Discovery***

Plaintiffs served their Rule 26(a)(1) initial disclosures on October 24, 2025. (ECF Nos. 32, 73-2). They identified as persons likely to have discoverable information the Plaintiffs themselves; VMF's loan originators, underwriters, and servicers; and Travis Townsend and Bernard Nibert, whom Plaintiffs described as having knowledge of "all aspects of the VMF closing on September 28, 2023 and similar closings." (ECF No. 73-2 at 2–3). Plaintiffs reserved the right to supplement the list "as the identity of other witnesses becomes apparent through discovery or by other means." (*Id.* at 3). The disclosures did not identify any other borrower.

The Scheduling Order required the parties to complete all depositions by June 30, 2026, and designated that date as the "discovery completion date" by which "all discovery, including disclosures required by Fed. R. Civ. P. 26(a)(1) and (2), but not disclosures required by Fed. R. Civ. P. 26(a)(3), should be completed." (ECF No. 37 at 1). Rule 26(a)(3) disclosures were due by October 26, 2026, and trial is set for December 8, 2026. (*Id.* at 2–3). The dispositive motion deadline was later extended to October 1, 2026. (ECF No. 54). Plaintiffs served interrogatory responses on April 10, 2026 (ECF No. 52), and both Plaintiffs were deposed on June 30, 2026 (ECF Nos. 57, 58). VMF represents, and Plaintiffs do not dispute, that no other borrower was identified in Plaintiffs' interrogatory responses, their document production, or their deposition testimony. (ECF Nos. 73 at 4, 8; 83 at 3).

### *C. The Supplemental Disclosure*

On September 18, 2026, 80 days after the discovery completion date and 13 days before the dispositive motion deadline, Plaintiffs served a "Supplemental Disclosure of Witnesses" identifying three individuals: Telia Echols, Jason Riffle, and Carline Flores Brogan.[1] (ECF Nos. 63, 73-1 at 2). The disclosure lists an address for each witness and offers the following explanation in its entirety:

> Recent factual development has indicated the need for pattern testimony regarding VMF closing process. Though recent cases by these witnesses against VMF provide knowledge of those closings, requested depositions will be accommodated.

(ECF No. 73-1 at 2). Each of the three is a borrower whom Plaintiffs' counsel represented in separate litigation against VMF: Ms. Echols in a state court action filed on September 3, 2024; Ms. Brogan and her husband in an action filed in this District on May 9, 2025; and Mr. Riffle and his wife in an action filed in the Northern District of West Virginia on June 5, 2025. (ECF No. 73 at 5). Plaintiffs do not dispute these facts. (ECF No. 80 at 3–4). Each of those actions was filed before Plaintiffs served their initial disclosures in this case.

Plaintiffs put the newly disclosed witnesses to use at once. Their motion for partial summary judgment, filed October 1, 2026, states that "[p]attern witnesses will describe how VMF uses electronic signatures on transaction documents at in-person closings involving lot managers to avoid consumer understanding of essential terms until after closing," and cites the supplemental disclosure, Ms. Brogan, and Mr. Riffle. (ECF No. 70 at 1 n.2). Plaintiffs' response to VMF's motion for summary judgment asserts that

[1] The supplemental disclosure identifies this witness as "Carline Flores Brogan." (ECF No. 73-1 at 2). Plaintiffs' other filings spell her first name "Carlina." (ECF No. 70 at 1 n.2). This Order refers to her as Carline Brogan, and its ruling applies to her under either spelling.

"[w]itnesses will rebut any denial by VMF of its protocol" and attaches the Riffles' complaint against VMF and a declaration of Christopher Brogan. (ECF Nos. 77 at 1 n.1, 77-1, 77-2).

On October 27, 2026, Plaintiffs served their Rule 26(a)(3) pretrial disclosures. (ECF No. 79). Those disclosures list, as "rebuttal" witnesses, "Christopher Brogan or Carlina Brogan," "Jason Riffle or Amanda Riffle," and "Telia Echols." (ECF No. 80-3; *see also* ECF No. 86). Christopher Brogan and Amanda Riffle had not been identified in any prior disclosure, including the September 18 supplement.

***D. The Parties' Positions***

VMF moves under Rule 37(c)(1) to exclude the late disclosed witnesses from supplying evidence on a motion, at a hearing, or at trial, including by disregarding references to them in connection with the pending summary judgment motions. (ECF Nos. 73 at 19, 83 at 15). VMF argues that each of the factors identified in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003), favors exclusion. (ECF No. 73 at 8–19).

Plaintiffs respond that they disclosed the witnesses "well in advance of the requisite Rule 2[6](a)(3) disclosure deadline"; that the witnesses' transactions are already known to VMF from the prior litigation; that the need for "similar transaction" witnesses did not become apparent until VMF "factually developed and argued its defenses"; that the testimony is necessary to the evidence of "setting, purpose, and effect" contemplated by W. Va. Code § 46A-2-121(2); and that the testimony is admissible under Federal Rule of Evidence 404(b) to show intent. (ECF No. 80 at 1, 3–8). Plaintiffs represent that "[p]robably only two witnesses will be used, each for about five minutes in direct examination." (*Id.* at 4).

## II. MOTION FOR LEAVE TO FILE SURREPLY

Surreply memoranda may be filed only with leave of Court. *See* L.R. Civ. P. 7.1(a)(7). Plaintiffs seek leave on the ground that VMF's reply suggests Plaintiffs should have anticipated defenses that, in Plaintiffs' view, VMF first raised in its motion for summary judgment. (ECF No. 84). The proposed surreply is two pages and addresses a single issue: Plaintiffs' explanation for the timing of their disclosure. (ECF No. 84-1). The surreply is brief, bears directly on a factor the Court must weigh, and causes VMF no prejudice. The motion for leave is therefore **GRANTED**, and the Court has considered the surreply in resolving VMF's motion.

## III. LEGAL STANDARD

Rule 26(a)(1)(A)(i) requires a party, without awaiting a discovery request, to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). A party "is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). A party must also supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) supplies the consequence for noncompliance: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

37(c)(1). "Rule 37(c)(1) makes exclusion the default, not a discretionary penalty reserved for bad faith." *O'Connor v. Fairfax Taxi, Inc.*, 188 F.4th 336, 354 (4th Cir. 2026); *see also Deque Sys. Inc. v. Browserstack, Inc.*, 177 F.4th 585, 595 (4th Cir. 2026) (exclusion "was proper—indeed, mandated—so long as [the party's] noncompliance with Rule 26(a) was neither substantially justified nor harmless"). Exclusion under Rule 37(c)(1) "does not require a finding of bad faith or callous disregard of the discovery rules." *S. States*, 318 F.3d at 596. The rule applies to rebuttal witnesses as well: it "requires witness exclusion for untimely disclosure, even rebuttal witnesses, 'unless the violation is substantially justified or harmless.'" *Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715, 731 (4th Cir. 2026) (quoting *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 512 n.10 (4th Cir. 2002)).

"The burden of establishing substantial justification or harmlessness rests on the party that failed to disclose." *O'Connor*, 188 F.4th at 352–53 (citing *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). In deciding whether that burden has been met, courts consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States*, 318 F.3d at 597. The Court retains "broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless," and is "not required to tick through each of the *Southern States* factors." *Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021) (quoting *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017), and *Wilkins*, 751 F.3d at 222).

# IV. <u>DISCUSSION</u>

## *A. Plaintiffs Failed to Disclose the Witnesses as Required by Rule 26(a) and (e)*

Plaintiffs do not seriously contend that they identified these witnesses in their initial disclosures or supplemented those disclosures before the discovery completion date. They instead advance three arguments for treating the disclosure as timely, none of which are persuasive.

First, Plaintiffs rely on the fact that they identified the witnesses before the Rule 26(a)(3) deadline. (ECF No. 80 at 1, 3). The pretrial disclosure deadline does not govern the obligation to identify witnesses under Rule 26(a)(1). The two rules serve different purposes. "The aim of Rule 26(a)(1) . . . is to identify at the outset those persons that may have any information relevant to the case in order to allow for a complete investigation by all parties, thus allowing parties to depose, interview, or subpoena documents of such individuals during the period of time set aside for discovery." *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 480 (W.D. Va. 2010). Rule 26(a)(3), by contrast, lists the witnesses who will be called at trial "after all the information has been gathered and discovery is closed." *Id.* The Scheduling Order drew precisely this distinction, requiring Rule 26(a)(1) disclosures by June 30, 2026, and Rule 26(a)(3) disclosures by October 26, 2026. (ECF No. 37 at 1–2). Compliance with the later deadline does not cure noncompliance with the earlier one.

Second, Plaintiffs suggest that no disclosure was required because the witnesses' "transaction details are already well known to Defendant from prior cases." (ECF No. 80 at 1; *see id.* at 3–4). Rule 26(e)(1)(A) excuses supplementation where the information "has . . . otherwise been made known to the other parties during the discovery process or in

writing." What Rule 26(a)(1) requires a party to disclose is not merely the existence of a person with knowledge; it is the identity of each individual "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). VMF's awareness that these borrowers had sued it in other cases told VMF nothing about whether Plaintiffs intended to call them in this matter. Nothing in this action (pleading, disclosure, discovery response, or deposition) made that known. *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011) (affirming exclusion where, although the party had "referenced Williams in response to one interrogatory," it "chose not to list Williams as a potential witness"). In addition, the September 18 supplement was not made "in a timely manner." Plaintiffs' counsel had represented each of these borrowers in litigation against VMF before Plaintiffs served their initial disclosures in October 2025, yet Plaintiffs did not identify them until nearly three months after the discovery completion date.

Third, Plaintiffs now characterize the witnesses as "rebuttal" witnesses. (ECF Nos. 80-3, 80 at 5). Rule 26(a)(1)(A)(i) exempts only witnesses whose use "would be solely for impeachment," and the Fourth Circuit has made clear that Rule 37(c)(1) "requires witness exclusion for untimely disclosure, even rebuttal witnesses." *Clear Touch*, 171 F.4th at 731. In any event, Plaintiffs do not offer these witnesses solely to impeach. They offer them as substantive evidence of a "pattern" of closing practices, and they have already relied on them for that purpose in their summary judgment briefing. (ECF Nos. 70 at 1 n.2, 77 at 1 n.1, 77-1, 77-2).

The violation is more pronounced as to Christopher Brogan and Amanda Riffle. Neither was identified in Plaintiffs' initial disclosures or in the September 18 supplement; each appeared for the first time in Plaintiffs' October 27, 2026 pretrial disclosures, nearly four months after the discovery completion date. (ECF No. 80-3; *compare* ECF No. 73-1

at 2). Plaintiffs nonetheless filed Mr. Brogan's declaration in opposition to VMF's motion for summary judgment. (ECF No. 77-2). Plaintiffs offer no separate explanation as to either witness.

Plaintiffs therefore failed to identify Telia Echols, Jason Riffle, Amanda Riffle, Carline Brogan, and Christopher Brogan as required by Rule 26(a) and (e). The remaining question is whether that failure was substantially justified or is harmless.

### *B. Plaintiffs Have Not Shown That the Failure Was Substantially Justified or Harmless*

Plaintiffs' opposition does not address the *Southern States* factors or otherwise attempt to carry their burden under Rule 37(c)(1). The Court has nevertheless considered each factor, drawing on the arguments Plaintiffs make.

#### 1. Surprise

The surprise to VMF is substantial. For roughly 18 months, the litigation concerned a single transaction and a single closing. These witnesses appear nowhere in the pleadings, Plaintiffs' initial disclosures, their interrogatory responses, their document production, or their deposition testimony, and Plaintiffs do not contend otherwise. Plaintiffs' general reference in their initial disclosures to "similar closings" (ECF No. 73-2 at 3) appeared in the description of what two identified witnesses, Mr. Townsend and Mr. Nibert, might know. It did not identify any other borrower or signal that Plaintiffs would present other borrowers' testimony. The supplemental disclosure came after the close of discovery and on the eve of the dispositive motion deadline. *See Clear Touch*, 171 F.4th at 731 (late disclosure "came as a surprise to Ockers, which was robbed of the opportunity to depose him and to properly prepare for cross-examining him at trial"). This factor weighs in favor of exclusion.

### 2. Ability to Cure

VMF's ability to cure the surprise is limited. Discovery closed on June 30, 2026. The cross motions for summary judgment have been briefed, argued, and taken under advisement (ECF No. 88), and Plaintiffs have already placed these borrowers' accounts in the summary judgment record. *See Brock v. Cabot Oil & Gas Corp.*, No. 2:17-cv-02331, 2018 WL 850094, at *2 (S.D.W. Va. Feb. 13, 2018) (late evidence that "would substantially disrupt the arguments the defendant made in its motion for summary judgment" supported exclusion). Trial is set to begin on December 8, 2026.

Plaintiffs' offer to accommodate depositions (ECF Nos. 73-1 at 2, 80 at 3–4) would not cure the prejudice. Plaintiffs offer these witnesses to establish that their own closings involved suppression of loan terms, and VMF disputes those accounts. (ECF Nos. 73 at 6, 10–11; 83 at 5–7). Testing them fairly would require more than deposing the witnesses: VMF would reasonably seek the documents, call recordings, and testimony of the participants in each borrower's transaction and closing, which occurred at different home centers and involved different personnel and closers. (ECF No. 73 at 5–6, 10–12). That discovery cannot be completed in the remaining period before trial without continuing the trial date. *See Clear Touch*, 171 F.4th at 731 (upholding finding that "there was no practical way to cure such a prejudice in time for trial"). This factor weighs in favor of exclusion.

### 3. Disruption of Trial

The Court recognizes that this case will now be tried without a jury, which reduces the risk that collateral testimony would confuse the factfinder. (ECF No. 86). However, the principal disruption here is not jury confusion; it is the expansion of the trial itself. Plaintiffs propose to limit each witness to five minutes of direct examination (ECF No. 80

at 4, 7–8), but VMF would be entitled to contest each account, and doing so would require evidence about each of the other transactions. The trial would become, in effect, a trial of four closings rather than one. *See United States v. Hill*, 322 F.3d 301, 305 (4th Cir. 2003) (affirming exclusion of evidence that "would have necessitated an exhaustive case within a case"). Allowing the testimony would therefore either require a continuance or materially expand the scope of a trial that is three weeks away. This factor weighs in favor of exclusion.

**4. Importance of the Evidence**

Plaintiffs contend that the testimony is "essential" to the evidence of the "setting, purpose, and effect" of the transaction that the parties must be afforded an opportunity to present under W. Va. Code § 46A-2-121(2), and that it bears on VMF's intent for purposes of Count II and the assessment of civil penalties. (ECF No. 80 at 4–6). The Court does not doubt that evidence of how VMF's origination and closing process generally operates may bear on the setting of the transaction. *See Orlando v. Fin. One of W. Va., Inc.*, 369 S.E.2d 882, 885 (W. Va. 1988) (discussing the relevance of "the background and setting of the market"). The same authority emphasizes that "[t]he particular facts involved in each case are of utmost importance," *Id.*, and the probative value of three borrowers' accounts of their own, differently staffed closings is limited. Plaintiffs also remain free to prove VMF's practices through the timely disclosed witnesses and the documents produced in this case.

Moreover, the importance of evidence "must be viewed from the perspective of both parties." *S. States*, 318 F.3d at 598–99. To the extent the testimony is as important to Plaintiffs' case as they contend, that importance "also points out why it should have been disclosed in a timely manner." *Id.* at 599; *see also Whiting v. Butch*, No. 2:14-cv-

25223, 2016 WL 233690, at *3 (S.D.W. Va. Jan. 19, 2016). This factor does not favor Plaintiffs.

**5. Explanation for the Failure to Disclose**

Plaintiffs' explanation is the weakest aspect of their position. The supplemental disclosure itself cites only an unspecified "[r]ecent factual development." (ECF No. 73-1 at 2). In their opposition and surreply, Plaintiffs contend that the need for these witnesses became apparent only when VMF developed its defenses in its motion for summary judgment; specifically, its position that VMF did not act willfully for purposes of Count II and its position that the closing was conducted by an independent title company and closing attorney. (ECF Nos. 80 at 3, 84-1 at 1–2).

The timing defeats this explanation. Plaintiffs served the supplemental disclosure on September 18, 2026, nearly two weeks before VMF filed its motion for summary judgment on October 1, 2026. (*Compare* ECF No. 73-1, *with* ECF Nos. 67, 68). Whatever prompted the disclosure, it was not an argument VMF first made in that motion, nor were the positions Plaintiffs identify new. Willfulness is not an affirmative defense VMF was required to plead; it is an element of the cancellation remedy Plaintiffs seek under Count II, as Plaintiffs themselves acknowledge. (ECF No. 80 at 5) ("Defendant's intent is an element of Plaintiffs' proof of entitlement to have this Court declare . . . the loan void pursuant to Count II") (citing W. Va. Code § 31-17-17). VMF's answers to both the original and Amended Complaints asserted that Plaintiffs' damages, if any, "were caused by the acts or omissions of others over whom VMF has no control." (ECF Nos. 11 at 7, 22 at 7). Plaintiffs' own initial disclosures identified the closing attorney and the home center's general manager as witnesses to "similar closings." (ECF No. 73-2 at 3). If Plaintiffs wished to show that VMF, rather than independent third parties, controlled the closing

process, they had every opportunity to develop that evidence during discovery. Plaintiffs' remaining point that VMF's summary judgment declarations raised the submission of loan applications to lenders outside the Clayton structure (ECF No. 84-1 at 2) does not explain why testimony from three other borrowers about their own closings was not disclosed during discovery.

At bottom, Plaintiffs' counsel knew of each of these borrowers and their claims before this case reached the discovery stage, and Plaintiffs decided to rely on them only as summary judgment and trial approached. "[S]upplementation to avoid summary judgment is not an adequate explanation for untimely discovery disclosures." *EQT Gathering, LLC v. Marker*, No. 2:13-cv-08059, 2015 WL 9165960, at *12 (S.D.W. Va. Dec. 16, 2015). "Without any legitimate reason for the disclosure violations," exclusion is warranted. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 398 (4th Cir. 2014). This factor weighs heavily in favor of exclusion.

**6. Balancing**

Plaintiffs have not carried their burden of showing that their failure to disclose these witnesses was substantially justified or harmless. The surprise was real, it cannot be cured without reopening discovery and continuing the trial, the evidence would expand the trial beyond the transaction at issue, its importance cuts at least as much against Plaintiffs as for them, and Plaintiffs have offered no adequate explanation for the delay. The fact that this will be a bench trial does not outweigh these considerations. Exclusion is therefore required under Rule 37(c)(1).

***C. Scope of This Ruling***

VMF moved solely under Rule 37(c)(1). (ECF No. 83 at 11). The Court resolves the motion on that ground and therefore does not reach the parties' arguments about whether

the witnesses' testimony would be admissible under Federal Rules of Evidence 404(b) or 406.[2]

Under Rule 37(c)(1), Plaintiffs may not use the excluded witnesses "to supply evidence on a motion, at a hearing, or at a trial." That prohibition extends to the pending cross-motions for summary judgment. Accordingly, Plaintiffs may not rely on the testimony or declarations of the excluded witnesses, including the Declaration of Christopher Brogan (ECF No. 77-2), or on the accounts of those witnesses' transactions set forth in ECF No. 70 at 1 n.2, ECF No. 77 at 1 n.1, and ECF No. 77-1, as evidence in support of their claims or in opposition to VMF's motion. This Order does not otherwise limit Plaintiffs' use of timely disclosed witnesses or of documents produced in discovery in this action, including evidence concerning VMF's origination and closing policies and procedures.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Leave to File Surreply (ECF No. 84) is **GRANTED**. The Clerk is **DIRECTED** to file the proposed surreply (ECF No. 84-1) as a separate docket entry.

2. Defendant Vanderbilt Mortgage & Finance, Inc.'s Motion to Exclude Late Disclosed Witnesses (ECF No. 73) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs may not use Telia Echols, Jason Riffle, Amanda Riffle, Carline Flores (Carlina) Brogan, or Christopher Brogan to supply evidence on a motion, at a hearing, or at trial in this action.

[2] Plaintiffs also cite five unreported West Virginia circuit court orders for the proposition that state courts permit pattern witness testimony in mortgage cases. (ECF No. 80 at 7). Plaintiffs did not supply those orders, and in any event they address admissibility under state practice, not whether a federal litigant complied with Rule 26. Plaintiffs' reliance on *Robinson v. Quicken Loans Inc.*, No. 3:12-0981, 2013 WL 1704839 (S.D.W. Va. Apr. 19, 2013), and *Mazza v. Quicken Loans, Inc.*, No. 1:12-cv-142, 2013 WL 2296657 (N.D.W. Va. May 24, 2013), is misplaced for the same reason. Both decisions resolved discovery disputes and held only that information about other borrowers was relevant for purposes of discovery. *See Robinson*, 2013 WL 1704839, at *5; *Mazza*, 2013 WL 2296657, at *4. Neither addressed whether a party may call other borrowers as witnesses without disclosing them under Rule 26.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**ENTERED:** November 19, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE